HILL-TAYLOR CO., Appellant, vs. SHADE, et al, Respondents.

(232 N. W. 89.)

(File Nos. 6795, 6795, 6863.   Opinion filed September 22, 1930.)

*Danforth & Seacat,* of Alexandria, for Appellant Hill-Taylor Co.

*H. J. Mohr,* of Alexandria, for Appellants First Nat. Bank and Evans.

*C. R. Keister,* of Mitchell, for Appellant Taylor.

*Frank Vincent,* of Alexandria, and *E. E. Wagner* and *Florence M. Ryan,* both of Mitchell, for Respondents.

MISER, C. Jeremiah Shade, a resident of Woodbury county, Iowa, died testate in 1901. A codicil to his will contained the following:

"I give, devise and bequeath to my son Seymour E. Shade the following described real estate: (Describing 160 acres in Hanson County, South Dakota, subject to a mortgage of $1,350) together with the sum of $800.00. * * * To carry out this bequest * * * I do hereby nominate and appoint my son Chas. Shade of Lyon County, Iowa, as trustee for my son, Seymour E. Shade, and direct that the sum of $800.00 as above bequeathed, be paid over to him as such appointed trustee for the benefit of my son, Seymour E. Shade, to be applied upon mortgage secured upon real estate mentioned in this bequest. * * * And I further direct that my executors shall execute a good and sufficient instrument conveying the real estate described in this bequest to Chas. Shade as such duly qualified and appointed trustee of Seymour E. Shade. It is further my wish and desire that my said appointed trustee, Chas. Shade, shall hold said land in trust for my son, Seymour E. Shade, and that all returns or profits accruing from the rental of said land, after taxes, interest on mortgages, and necessary improvements, have been paid for, to be paid to my son, Seymour E. Shade, annually. And in case he should occupy the farm himself a sufficient rental shall be paid by him to my said appointed trustee, for the payment of the taxes and interest on mortgage. It is the intention of this bequest that the real estate bequeathed herein shall be held by my appointed trustee, Chas. Shade, for the benefit of Seymour E. Shade during his lifetime, and then for the support of my daughter-in-law, Jennie Shade, during her lifetime or as long as she remains the widow of my son, Seymour E. Shade, and at her death to be disposed of and the proceeds of the same to be equally divided among their children."

From shortly after the death of Jeremiah Shade in 1901 until his own death in 1927, Seymour E. Shade lived on the land with his wife, Jennie Shade, and their children. He received the rents and profits therefrom during all of that time, and paid the taxes thereon until 1922. After that the land was sold for taxes, and Charles Shade redeemed the land from tax sale in 1926 and leased the land to a tenant in 1927. After the death of Seymour E. Shade, Jennie Shade continued to live on the land. The will, with the

codicil thereto, was admitted to probate in Iowa, the estate closed, and the executors discharged, but the will was never admitted to probate in South Dakota, nor did the executors ever execute any instrument conveying the real estate to Charles Shade, as such trustee of Seymour E. Shade.

The plaintiff, Hill-Taylor Company, appellant in appeal numbered 6794, is a judgment creditor of Seymour E. Shade and Jennie Shade and of their sons, Ralph and Joe. The defendant, First National Bank, appellant in appeal numbered 6795, is a judgment creditor of Seymour E. Shade. The defendant H. L. Taylor, appellant in appeal numbered 6863, is the trustee of the estate of bankrupt Harry Shade, one of the sons of Seymour E. Shade and Jennie Shade. The defendants and respondents are the said Jennie Shade, the said Charles Shade, and the nine children of Seymour and Jennie Shade, including those heretofore named. The appellants Hill-Taylor Company and First National Bank each contend that Seymour E. Shade died owning the real estate in fee simple, subject to its judgment against him, with the additional contention on the part of Hill-Taylor Company that the respondents Joe and Ralph Shade each inherited an undivided two twenty-sevenths interest in said real estate on which the judgments against them are a lien. The appellant H. L. Taylor, trustee in bankruptcy of the estate of Harry Shade, contends that under the terms of the codicil the title to the land was vested in Charles Shade as trustee, and that upon the death of Jennie Shade such trustee must sell the land and divide the proceeds among the nine children of Seymour and Jennie Shade; therefore H. L. Taylor, as trustee in bankruptcy of the estate of Harry Shade, is the owner of an equitable interest in said real estate, to wit, the right to have said property sold upon the death of Jennie Shade or upon the event of the said Jennie Shade ceasing to be the widow of Seymour E. Shade, deceased, and to receive a one-ninth part of the proceeds of such sale.

Contrary to these contentions and in accordance with the contentions of respondents Shade, the trial court found that, upon the death of the testator, Jeremiah Shade, the respondent Charles Shade became the owner in fee of said real property as trustee and for the sole purpose of executing and carrying out the trust reposed in him under the provisions of said will and codicil, and that the fee title to said real property is now in Charles Shade as trustee,

free of all liens which appellants claim thereon. It entered judgment dismissing the complaint and cross-complaints of appellants.

Appellants Hill-Taylor Company and First National Bank contend that the first sentence of the codicil above quoted vested fee-simple title in Seymour E. Shade and that the subsequent language did not divest Seymour E. Shade of the fee title so vested, and also that the trust attempted to be created in Charles Shade was invalid as not being within the terms of section 366 and 374, Rev. Code 1919; these sections being as follows:

"§ 366. Uses and trusts, in relation to real property, are those *only* which are specified in this article."

"§ 374. Express trusts may be created for any of the following purposes: 1. To sell real property, and apply or dispose of the proceeds in accordance with the instrument creating the trust; 2. To mortgage or release real property for the benefit of annuitants or other legatees, or for the purpose of satisfying any charge thereon; 3. To receive the rents and profits of real property, and pay them or apply them to the use of any person, whether ascertained at the time of the creation of the trust or not, for himself or for his family, during the life of such person, or for any shorter term, subject to the rules of chapter 1 of this part; or, 4. To receive the rents and profits of real property, and to accumulate the same for the purposes and within the limits prescribed by the same chapter."

We are of the opinion that all parts of the codicil, when construed according to the intention of the testator and in relation to each other, as we are required to do by sections 643 and 647, Rev. Code 1919, form a consistent whole, conveying the fee title, not to Seymour E. Shade, but vesting the whole estate in Charles Shade, subject to the execution of the trust. This by virtue of section 380, Rev. Code 1919, which is as follows:

"Except as hereinafter otherwise provided, every express trust in real property, valid as such, in its creation, vests the whole estate in the trustees, subject only to the execution of the trust. The beneficiaries take no estate or interest in the property, but may enforce the performance of the trust."

Appellants Hill-Taylor Company and First National bank contend, however, as above stated, that the express trust created was an invalid trust. They place great reliance on the decision in Re

Fair's Estate, 132 Cal. 523, 60 P. 442; 64 P. 1000, 84 Am. St. Rep. 70, this because sections 366 and 374, Rev. Code 1919, above quoted are practically identical with section 847 and 857, Cal. Civ. Code, which were applied in that case. But that decision is not decisive of this appeal for several reasons. Among these are: (1) According to the four judges who concurred in that opinion, the will of Fair created a trust to convey, which they held invalid as not within the terms of section 857. However, the most casual reading of the Shade codicil discloses an express trust to do much more than merely convey to designated grantees. (2) As pointed out in the opinion of two of the three dissenting justices, the majority opinion is founded on a holding that powers had been prohibited in California. But while the chapter on "Powers in the California Code was repealed in California in 1874, as were also certain sections in the chapter on "Uses and Trusts" relating to "Powers in Trust," they remain unrepealed in South Dakota. Consequently not only is there a substantial difference in the language of the two instruments, but an equally great difference in the statutory law by which they should be construed.

██ ██ While, therefore, it must be admitted that the opinion in Re Fair's Estate is frequently cited on some of the various points therein decided, we are of the opinion that the statutes of our own state furnish sufficient guidance for the decision of this appeal and render inevitable the conclusion that on the death of Jeremiah Shade the whole estate in the real property in question vested in Charles Shade, trustee, subject only to the execution of the trust; the beneficiaries taking no estate or interest in the property, but possessing the right to enforce the performance of the trust. Section 380, Rev. Code 1919. Section 643, Rev. Code 1919, requiring a will to be construed according to the intention of the testator, is merely a statutory declaration of a fundamental principle in the construction of wills. Judge Sanborn of the Eighth Circuit stated this principle in Burnes v. Burnes, 137 F. 781, 792, 70 C. C. A. 357, 368, as follows:

"A will is 'the legal declaration of a man's intentions, which he wills to be performed after his death.' 2 Blackstone's Com. 499. It is his will, his purpose, his intention, legally and effectively expressed. Hence the true end of all construction of wills is to ascertain the intention of the testator, and, when that is once discov-

ered, it prevails, regardless of inapt expressions and the dry words of the testament, unless prohibited by established rules of law. This intention must be deduced, not from specific provisions or fragmentary parts of the instrument, but from its entire context, from all its provisions taken together, because the intention is not evidenced by any part or provision of it, or by the will without any part or provision, but by every part and term so construed as to be consonant with every other and with the entire testament. The court may, and it should as far as possible, put itself in the place of the testator when he made his will, and then, from a consideration of the instrument itself, of the relation of the testator to the parties affected by it, and of the circumstances and situation of the testator, and of the parties in interest at the time of its execution, endeavor to ascertain his actual intention and to carry it into effect. Smith v. Bell, 6 Pet. 68, 74, 8 L. Ed. 322; Colton v. Colton, 127 U. S. 300, 314, 8 S. Ct. 1164, 32 L. Ed. 138; Pressed Steel Car Co. v. Eastern Ry. Co., 57 C. C. A. 635, 637, 121 F. 609, 611; Rev. St. Mo. 1899, § 4650."

The trial court in rendering judgment ordered dismissal of the complaint, cross-complaints, and counterclaims of appellants herein. This judgment was entered upon the filing of a decision in giving which the facts found and the conclusions were separately stated, as required by section 2526, Rev. Code 1919. Among the conclusions of law, however, is one wherein there is named the persons among whom it is declared the duty of Charles Shade, as trustee, to divide equally the proceeds of the sale of the real property after the death of Jennie Shade. It was not necessary under the pleadings to decide that question of law and the conclusion of law to that effect may be regarded as surplusage. Under the terms of the codicil, the real estate shall at the death of Jennie Shade "be disposed of and the proceeds of the same to be equally divided among their children." If a controversy should then arise as to the persons entitled to receive those proceeds, it may then be determined in a proper action, upon appropriate pleadings, with the necessary parties before the court. Furthermore it is not intended to predetermine herein the rights of those who may then be creditors of those persons, who, upon the death of Jennie Shade and the sale of the real property by the trustee, shall be entitled to receive the proceeds of such sale.

The judgment and order appealed from should be and are affirmed.

BROWN, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.